## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SECURITY ARCHIVE**<br>2130 H Street, N.W., Suite 701<br>The Gelman Library<br>Washington, DC 20037,<br><br>     Plaintiff,<br><br>  v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff National Security Archive seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from the Criminal Division of defendant Department of Justice. Specifically, plaintiff seeks disclosure of a report documenting the work of the defendant's Office of Special Investigations, the preparation of which was authorized by former Attorney General Janet Reno in 1999.

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff National Security Archive, founded in 1985, is an independent non-governmental research institute and library.  The Archive collects and publishes declassified documents obtained through the Freedom of Information Act.  The Archive also serves as a respository of government records on a wide range of topics pertaining to the national security, foreign, intelligence, and economic policies of the United States.  The Archive won the 1999 George Polk Award, one of U.S. journalism's most prestigious prizes, for – in the words of the citation – "piercing the self-serving veils of government secrecy, guiding journalists in the search for the truth and informing us all."  It also was awarded the 2005 Emmy Award for outstanding achievement in news and documentary research.  The Archive is a representative of the news media as defined in 5 U.S.C. § 552(a)(4)(a)(ii).

4.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government.  DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and DOJ's
Decision to Withhold the Requested Material**

5.  By letter sent by facsimile to defendant DOJ's Criminal Division on October 7, 2009, plaintiff requested under the FOIA "[a] report documenting the work of the Office of Special Investigations (OSI), the preparation of which was authorized by former Attorney General Janet Reno in 1999."  Plaintiff noted that "[t]he report was prepared by Judy Feigin, a career DOJ attorney, and edited by Mark Richard, former Deputy Assistant Attorney General of the Criminal Division."

6.  By letter to plaintiff dated November 18, 2009, defendant DOJ's Criminal Division responded to plaintiff's FOIA request and indicated that it had located a responsive record: a report titled, "The Office of Special Investigations: Striving for Accountability in the Aftermath of the Holocaust."  The letter further informed plaintiff that the report was being withheld from disclosure in its entirety under FOIA Exemption 5 on the ground that it is "deliberative and pre-decisional."  In addition, the Criminal Division claimed that certain "portions" of the report are exempt from disclosure under Exemptions 6 and 7(C) & (E).

7.  By letter to defendant DOJ's Office of Information Policy ("OIP") dated January 13, 2010, counsel for plaintiff appealed the Criminal Division's decision to withheld the requested record.

8.  By letter to plaintiff's counsel dated February 3, 2010, OIP stated that plaintiff's "administrative appeal from the action of the Criminal Division was received by this Office on January 21, 2010."

9.  On March 9, 2010, plaintiff's counsel telephoned OIP to ascertain the status of plaintiff's administrative appeal.  A member of the OIP staff, Michael Sherman, indicated that there was a "backlog" of pending appeals and that he was unable to estimate a date by which OIP would respond to plaintiff's appeal.

10.  To date, defendant DOJ has not responded to plaintiff's administrative appeal, nor has the agency disclosed agency records responsive to plaintiff's FOIA request.

11. Defendant DOJ has violated the applicable statutory time limit for the processing of administrative appeals concerning responses to FOIA requests.

12.  Plaintiff has exhausted the applicable administrative remedies.

13.  Defendant DOJ has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

14.  Plaintiff repeats and realleges paragraphs 1-13.

15. Defendant DOJ has wrongfully withheld agency records requested by

plaintiff.

16.  Plaintiff has exhausted the applicable administrative remedies with respect to

Defendant DOJ's wrongful withholding of the requested records.

17.  Plaintiff is entitled to injunctive relief with respect to the release and

disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ to disclose the requested records in their entirety

and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff its costs and reasonable attorneys fees incurred in this

action; and

D. grant such other relief as the Court may deem just and proper.


Respectfully submitted,


  /s/ David L. Sobel
DAVID L. SOBEL
D.C. Bar No. 360418

4

1818 N Street, N.W.
Suite 410
Washington, DC 20009
(202) 246-6180
sobel@att.net

Counsel for Plaintiff